KATIE E. BRISCOE (STATE BAR NO. 287629)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, 30th Fl
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile: +1 916 329 4900
kbriscoe@orrick.com

MIRANDA ROWLEY (STATE BAR NO. 328173)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759
mrowley@orrick.com

Attorneys for Defendants Archaea Energy Services, LLC and BP America Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REDDING, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCHAEA ENERGY SERVICES, LLC, a limited liability company; BP AMERICA INC., a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>28 U.S.C. §§ 1331, 1441, 1446 |

NOTICE OF REMOVAL

4144-0625-1097

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, 1446, Defendants Archaea Energy Services, LLC, and BP America Inc. hereby removes the above-captioned action from the Superior Court of the State of California, County of Madera, to this Court, based on the following grounds:

**PROCEDURAL HISTORY**

1. On December 2, 2024, Plaintiff Michael Redding filed a civil action in the Superior Court of the State of California, County of Madera, entitled "*Michael Redding, on behalf of all others similarly situated, Plaintiff, v. Archaea Energy Services, LLC a limited liability company; BP America, Inc., a Delaware Corporation; and DOES 1 to 100, inclusive, Defendants*," Case No. MCV093673 (the "Action"). Plaintiff's Complaint ("Complaint") alleges that during his employment with Defendants, Plaintiff and other non-exempt employees were paid non-discreationary bonuses that Defendants failed to include in the calculation of the regular rate of pay in violation of the Fair Labor Standards Act ("FLSA") and California Labor Code.

2. Plaintiff's Complaint asserts causes of action for: (1) Failure to Pay Overtime Wages under California Labor Code sections 204, 510, 511, 558, 1194, 1198, 1815; (2) FLSA Violations under 29 U.S.C. § 201, *et seq.*; (3) Wage Statement Violations under California Labor Code § 226, *et seq.*; (4) Waiting Time Penalties under California Labor Code §§ 201-203; and (5) Unfair Competition under California Business and Professions Code § 17200, *et seq.* A true copy of the Plaintiff's Complaint and the summons and other papers issued with the Complaint are attached to this notice as **Exhibit A.**

3. On January 28, 2025, Defendants accepted service of the Complaint via Notice and Acknowledgement of Receipt pursuant to California Code of Civil Procedure § 415.30. A true and correct copy of the executed forms are attached to this notice as **Exhibits B and C.**

4. On February 7, 2025, Plaintiff filed a First Amended Complaint ("FAC") to add a sixth cause of action against both Defendants alleging violations of California's Private Attorneys General Act. A true copy of Plaintiff's FAC is attached to this notice as **Exhibit D.**

5.      On February 26, 2025, Defendants filed their Answer to Plaintiff's FAC. A true copy of Defendants Answer to the FAC is attached to this notice as **Exhibit E**.

6.      True copies of all process, pleadings, or orders in the possession of Defendants are attached as **Exhibits A-E**. No other pleadings have been filed or served in the Action.

### TIMELINESS OF REMOVAL

11.     This Notice of Removal is timely because this Notice is filed within 30 days after Defendants accepted service of the Complaint which established the grounds for removal. 28 U.S.C. § 1446(b).

### FEDERAL QUESTION JURISDICTION

7.      This Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a), because Plaintiff's second cause of action for "FLSA Violations" arises under 29 U.S.C. § 207. *See* FAC at ¶ 30. This section of the FLSA, a federal statute, requires employers to compensate employees for overtime wages at a rate of no less than one and one-half times the regular rate of pay for all time worked in excess of forty hours per week. Plaintiff seeks to represent a "FLSA Overtime Class" consisting of "all individuals who are or were employed by Defendants in the United States who were paid incentive pay and who worked more than 40.0 hours in a workweek in the corresponding time period, at any time from three years immediately preceding the filing of this action through the present." FAC at ¶ 16. Federal courts plainly have removal jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1441(a). *See, e.g.*, *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 700 (2003) (provision in FLSA that an action "may be maintained" in any Federal or State court does not bar removal under 28 U.S.C. 1441(a)); *see also; Dent v. Cox Commc'ns Las Vegas, Inc.,* 502 F.3d 1141, 1143 (9th Cir. 2007) (exercise of federal jurisdiction over claims for unpaid wages under FLSA was proper); *Weltman v. Ortho Mattress, Inc.*, No. 08 CV 0840 JM (WMC), 2008 WL 11337846, at *2 (S.D. Cal. Aug. 6, 2008) (recognizing that federal jurisdiction over FLSA claims is expressly authorized under 29 U.S.C. § 216 (b)); *Lagunas v. SPS Techs., LLC*, No. SACV182005JVSDFMX, 2019 WL 949523, at *1-2 (C.D. Cal. Feb. 27, 2019) (denying the plaintiff's motion to remand where the complaint asserted

1  claims under the FLSA and California state law.).

2    8. Because Plaintiff's remaining claims arise from the same controversy underlying

3  their federal claim—that Defendants allegedly failed to include non-discreationary bonuses in the

4  calculation of regular rate of pay—this Court has supplemental jurisdiction over those claims

5  under 28 U.S.C. § 1367. *See Executive Software v. U.S. District Court*, 24 F.3d 1545, 1558 (9th

6  Cir. 1994); *see also Weltman*, 2008 WL 11337846 at *3 (holding that federal courts have

7  supplemental jurisdiction over simultaneously plead claims under the California Labor Code); *see*

8  *also Dent,* 502 F.3d at 1143 (9th Cir. 2007) (exercising supplemental jurisdiction over claims for

9  unpaid wages arising under Nevada law); *Swamy v. Title Source, Inc.,* No. C 17-01175 WHA,

10  2017 WL 3021042, at *4 (N.D. Cal. July 17, 2017) (supplemental jurisdiction existed over

11  plaintiffs' claims that defendant failed to provide accurate wage statements because state and

12  federal claims "disclose[d] a cohesive narrative, requiring overlapping testimony and

13  administrative records"); *Navarro v. Ordaz Cultured Marble & Onyx, Inc.,* No. C 13-00847 LB,

14  2013 WL 3801230, at *3 n. 2 (N.D. Cal. July 19, 2013) (exercising supplemental jurisdiction over

15  plaintiff's state law claims, including claims arising under California's Unfair Competition Law

16  and California's Private Attorneys General Act, and claims alleging failure to provide accurate,

17  itemized wage statements and failure to pay all wages earned at terminated because FLSA and

18  state law claims derived from a common nucleus of operative facts).

### VENUE

20    9. Venue lies is the Eastern District of this Court pursuant to 28 U.S.C. §§ 1441,

21  1446(a); 1391(b)(1) & (2); and 84(c)(2). This Action originally was filed in the Superior Court of

22  the State of California, County of Madera, therefore, pursuant to 28 U.S.C. section 1441(a) it

23  must be removed to the Eastern District of this Court because it is the district embracing the place

24  where the action is pending.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

26    10. Contemporaneously with the filing of this Notice of Removal in the United States

27  District Court for the Eastern District of California, written notice of such filing will be served on

28  Plaintiff's counsel of record. In addition, a copy of the Notice of Removal will be filed with the

1 | Clerk of the Court for Madera County Superior Court.

2 |     11.    In compliance with 28 U.S.C. § 1446(a), a copy of the state-court papers served herein is attached to this notice as **Exhibits A-E**.

    WHEREFORE, Defendant prays that this Action be removed from the Superior Court of the State of California, County of Sacramento to the United States District Court for the Eastern District of California.

Dated: February 27, 2025          ORRICK, HERRINGTON & SUTCLIFFE LLP

          By: */s/ Miranda Rowley*
              Miranda Rowley

          Attorneys for Defendants Archaea Energy Services, LLC and BP America Inc.